**EDWARDS et al. v. CARTER, State Auditor, et al.**

No. 25073. Jan. 16, 1934.

PER CURIAM. Heretofore, Honorable William H. Murray, Governor of the state of Oklahoma, was permitted, pursuant to section 3527, O. S. 1931, to intervene as such official in the above cause. The petitioners have filed a motion to dismiss the petition in intervention filed by the Governor by reason of a certain article appearing over the signature of the said Honorable William H. Murray in a newspaper controlled by him, wherein the said Honorable William H. Murray used language reflecting upon this court and in which he set forth the manner in which the cause pending before this court should be decided, and with a statement that unless said cause was forthwith and within 30 days decided by said court in said manner, he would institute, under the initiative and referendum provisions of the Constitution, a constitutional amendment abolishing the Supreme Court and providing for the appointment of the members of said court by himself.

The Governor's personal attorney, Honorable W. A. Ledbetter, who has appeared in this litigation at his direction, in open court, when said motion was filed by leave of said court, stated that the article in question, in his opinion, was highly improper and that he could not and would not defend the action of the said Honorable William H. Mur-

ray in the issuance and publication of said article, and stated that he would communicate such fact to the said Honorable William H. Murray, and requested a reasonable time to permit the said Honorable William H. Murray to respond to said motion, and asked that the further consideration of said cause be postponed until the disposal of said motion, after response by the said Honorable William H. Murray. Thereupon the court granted five days in which to respond to motion, and on January 15, 1934, the Honorable William H. Murray has filed his response.

In said response, the Governor points out that the article mentioned in petitioners' motion was published by him in his individual capacity, whereas in the present litigation he appears in his capacity as Governor of the state of Oklahoma. He reiterates in said response some of the things which were contained in said article and which were repudiated by his personal attorney, the Honorable W. A. Ledbetter, as being improper and not subject to defense. The motion and response have had the careful consideration of this court.

The action of the Honorable William H. Murray in this respect does not raise an issue involved in this litigation. It involves neither the law nor the facts. The propriety or impropriety of his conduct in that respect is determinative of no issue in said cause, and should not, and will not, enter into the final determination of the matters in dispute.

Repudiated by his attorney, whose standing is high at the bar, who appears for him in this cause, the court is of the opinion that the Governor of the state of Oklahoma is entitled to appear in this cause through counsel designated by him, notwithstanding the impropriety of the articles and of the threats and demands contained therein and contained in his response.

In concluding said response, the Governor of the state of Oklahoma uses the following language:

"The Supreme Court is the keeper of its own conscience and faith to its oath to obey the Constitution. * * * I leave them to the court."

With this sentiment we heartily agree. We shall obey our oaths of office; we shall uphold and defend the Constitution and laws of this state, and threats, intimidations, and fear shall not swerve us from the path of duty.

The motion of petitioners to dismiss the

petition of intervention of the Honorable William H. Murray, Governor of the state of Oklahoma, is denied. The merits of the cause will be considered and speedily determined.

All the Justices concur.